1  Timothy F. Winchester, Esq. (State Bar No. 54826)
   Neil H. Bui, Esq. (State Bar No. 215108)
2  McINERNEY & DILLON, P.C.
   1999 Harrison Street, Suite 1700
3  Oakland, California 94612-4700
   Telephone: (510) 465-7100
4  Facsimile:  (510) 465-8556

5  Attorneys for Defendants and Counterclaimant
   Yerba Buena Engineering & Construction, Inc., and
6  Travelers Casualty and Surety Company of America

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA, for the use  )  Case No. CV 07 5912 JL
10 of AAA RESTAURANT FIRE CONTROL,        )
   INC., doing business as AAA FIRE       )  **DEFENDANT TRAVELERS CASUALTY**
11 PROTECTION SERVICES; and AAA           )  **AND SURETY COMPANY OF**
   RESTAURANT FIRE CONTROL, INC.,         )  **AMERICA'S ANSWER TO COMPLAINT**
12                                        )
          Plaintiff,                      )
13                                        )
              vs.                         )
14 YERBA BUENA ENGINEERING &              )
   CONSTRUCTION, INC., a California       )
15 corporation; TRAVELERS CASUALTY AND    )
   SURETY COMPANY OF AMERICA, a           )
16 Connecticut corporation; and DOES 1 TO 100, )
   inclusive,                             )
17                                        )
          Defendants.                     )
18 _____)
                                          )
19 YERBA BUENA ENGINEERING &              )
   CONSTRUCTION, INC., a California       )
20 corporation; and TRAVELERS CASUALTY    )
   AND SURETY COMPANY OF AMERICA,         )
21                                        )
          Counterclaimant,                )
22                                        )
              vs.                         )
23 UNITED STATES OF AMERICA, for the use  )
   of AAA RESTAURANT FIRE CONTROL,        )
24 INC., doing business as AAA FIRE       )
   PROTECTION SERVICES; and AAA           )
25 RESTAURANT FIRE CONTROL, INC.;         )
    and ROES 1 TO 20, inclusive,          )
26                                        )
          Counterdefendants.              )
27 _____)

28 **Answer to Complaint**                                            Page 1

Defendant Travelers Casualty and Surety Company of America ("Travelers") answers the Complaint ("Complaint") of AAA Restaurant Fire Control, Inc. ("AAA") as follows:

## JURISDICTION

1. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 1 of the Complaint, and based upon that ground denies each and every allegation therein.

## VENUE

2. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 2 of the Complaint, and based upon that ground denies each and every allegation therein.

## INTRADISTRICT ASSIGNMENT

3. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 3 of the Complaint, and based upon that ground denies each and every allegation therein.

## PARTIES

4. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 4 of the Complaint, and based upon that ground denies each and every allegation therein.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint except that defendant admits that it is a corporation organized in the State of Connecticut and duly qualified to do business in the State of California. The allegations of paragraph 6 providing that defendant is authorized to engage in the business of "acting as a surety on bonds required or authorized by law" is unintelligible to answering defendant and on that grounds defendant

denies the allegation.

## FIRST CAUSE OF ACTION

7. Answering paragraph 7 of the Complaint, defendant incorporates by reference each and every admission, denial and defense to the paragraphs incorporated by reference to paragraph 7 of the Complaint, as though fully set forth therein.

8. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 8 of the Complaint, and based upon that ground denies each and every allegation therein, except that defendant admits that Yerba Buena entered into a written contract with the United States National Parks Service to perform certain work on the Alcatraz Island Fire Protection Improvement Project.

9. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 9 of the Complaint, and based upon that ground denies each and every allegation therein.

10. Answering paragraph 10 of the Complaint, defendant admits that it signed a payment bond for contract no. C8147050044. As to the remaining allegations contained in paragraph 10, defendant affirmatively asserts that the bond speaks for itself.

11. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 11 of the Complaint, and based upon that ground denies each and every allegation therein.

12. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 12 of the Complaint, and based upon that ground denies each and every allegation therein.

13. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 13 of the Complaint, and based upon that ground denies each and every allegation

therein.

14. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 14 of the Complaint, and based upon that ground denies each and every allegation therein.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 16 of the Complaint, and based upon that ground denies each and every allegation therein.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

## SECOND CAUSE OF ACTION

18. Answering paragraph 18 of the Complaint, defendant incorporates by reference each and every admission, denial and defense to the paragraphs incorporated by reference to paragraph 18 of the Complaint, as though fully set forth therein.

19. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 19 of the Complaint, and based upon that ground denies each and every allegation therein.

## THIRD CAUSE OF ACTION

20. Answering paragraph 20 of the Complaint, defendant incorporates by reference each and every admission, denial and defense to the paragraphs incorporated by reference to paragraph 20 of the Complaint, as though fully set forth therein.

21. Defendant lacks information or knowledge sufficient to answer the allegations in paragraphs 21 of the Complaint, and based upon that ground denies each and every allegation therein.

22. Defendant lacks information or knowledge sufficient to answer the allegations in

paragraphs 22 of the Complaint, and based upon that ground denies each and every allegation therein.

**AFFIRMATIVE DEFENSES**

23. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted.

24. AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that the Plaintiff, its agents and employees, and each of them, were negligent in and about the matters alleged in the Complaint and said negligence proximately contributed to the damages described therein and therefore bars any recovery herein to the extent thereof.

25. AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges the Plaintiff is barred in whole or in part by the doctrine of laches.

26. AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that other defendants in this lawsuit, as well as other persons and entities not parties to this lawsuit, were themselves responsible for the Plaintiff's damages, if any.

27. AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that the Complaint is barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure §§ 337, 377.1, 339, 340, 343, 344 and 40 USC 3133(b).

28. AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that because the Complaint is worded in

conclusory terms, this Defendant cannot fully anticipate all affirmative defenses that may be applicable to the action herein. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable is hereby reserved.

29. AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff did not perform one or more of its obligations under the contract asserted in Plaintiff's Complaint. This Defendant further alleges that the performance of such of obligations were a condition precedent to any performance by this answering Defendant in each and every instance.

30. AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff with the exercise of reasonable effort and diligence, could have mitigated the damages alleged in the Complaint, and that such damages, if any, were directly and proximately caused by the unreasonable and inexcusable failure and neglect of Plaintiff in refusing to act in good faith and to exercise reasonable diligence in efforts to mitigate the damages alleged.

31. AND FOR AN NINENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that if it failed to perform one or more of its obligations to Plaintiff under any contract or agreement, Plaintiff waived its rights to require such performance by its own acts or omissions in each and every instance.

32. AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that plaintiff has failed to comply with the requirements of Civil Code Sections 3183, 3184, 3192, 3210, 3211, 3214, and 3225 through 3252.

33. AND FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that it performed all of its

obligations to Plaintiff under any and all contracts and agreements described in the Complaint, and pursuant to any novations reached between this answering Defendant, Plaintiff and other parties. (Civil Code §§ 1530 and 1531.)

34. AND FOR A TWELTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that it performed each of its obligations to Plaintiff under any and all contracts and agreements described in the Complaint, and pursuant to all accords between said parties which were subsequently accepted by Plaintiff and other parties. (Civil Code §§ 1521-1524.)

35. AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that it performed each of its obligations to Plaintiff under any and all contracts and agreements described in the Complaint and pursuant to all releases between said parties. (Civil Code § 1541.)

36. AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff acted with full knowledge of all facts and circumstances surrounding its alleged injuries and damages, and thus knowingly assumed the risk of injury and damages, should any injury or damages have occurred.

37. AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to this Complaint, this answering Defendant alleges that Plaintiff and others unrelated to this Defendant modified and/or altered the materials, contract or agreements effecting this Defendant, and that such conduct caused and/or contributed to the damages which are alleged in this lawsuit.

38. AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff is barred in this

action by the equitable doctrine of unclean hands.

39. AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff fails to state facts sufficient to allow for recovery of pre-judgment interest.

40. AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that Plaintiff failed to comply with the statutory prerequisites for recovering on any payment bond furnished in relation to the construction project which is the subject if this litigation.

41. AND FOR A NINTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges that Plaintiff failed to timely file its complaint as required under California Civil Code 3249.

42. AND FOR A TWENTTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that conditions precedent to Defendant's obligation, if any, have not occurred, including but not limited to, full and/or partial payment of the contract or retention by owner.

42. AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering Defendant alleges that the liability of Defendant, if any, is limited solely to proven violations occurring during the effective period of the bond.

43. AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges that the defendant is entitled to all the defenses of its principal.

WHEREFORE, this answering Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by reason of its Complaint;

2. That this answering Defendant be awarded its costs of suit, expenses and attorney fees incurred herein, as permitted by law, and pursuant to contract;

3. That the degree of responsibility for damages, if any, be determined in proportion to the comparative negligence of the liable tortfeasors; and

4. That this answering Defendant be awarded such other and further relief as the court may deem just and proper.

DATED: February 7, 2008.              McINERNEY & DILLON, P.C.

By _____
Neil H. Bui
Attorneys for Defendants and Counterclaimants

Yerba Buena Engineering & Construction, Inc., and Travelers Casualty and Surety Company of America

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, California. I am over the age of 18 years and not a party to the within action; my business address is McInerney & Dillon, P.C., 1999 Harrison Street, Suite 1700, Oakland, California 94612-4700.

On the date last written below, I served the following documents:

**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER TO COMPLAINT**

By placing true and correct copies thereof:

_X_   By Electronic Mail. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons, through [LexisNexis Corporation/the Court's ECF-PACER webpage/or other internet service provider], in which counsel below are registered to receive e-mail at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### ADDRESSEES

Lawrence E. Smith
Centerpoint Building
18 Crow Canyon Court, Ste. 205
San Ramon, California 94583

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 7, 2008

                                                    Ollye L. Robinson