Timothy F. Winchester, Esq. (State Bar No. 54826)
Neil H. Bui, Esq. (State Bar No. 215108)
McINERNEY & DILLON, P.C.
1999 Harrison Street, Suite 1700
Oakland, California 94612-4700
Telephone: (510) 465-7100
Facsimile:  (510) 465-8556

Attorneys for Defendants and Counterclaimant
Yerba Buena Engineering & Construction, Inc., and
Travelers Casualty and Surety Company of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of AAA RESTAURANT FIRE CONTROL, INC., doing business as AAA FIRE PROTECTION SERVICES; and AAA RESTAURANT FIRE CONTROL, INC., <br><br>     Plaintiff, <br><br>     vs. <br><br> YERBA BUENA ENGINEERING & CONSTRUCTION, INC., a California corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; and DOES 1 TO 100, inclusive, <br><br>     Defendants. <br><br> ─────────────────────────────── <br> YERBA BUENA ENGINEERING & CONSTRUCTION, INC., a California corporation; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br>     Counterclaimants, <br><br>     vs. <br><br> UNITED STATES OF AMERICA, for the use of AAA RESTAURANT FIRE CONTROL, INC., doing business as AAA FIRE PROTECTION SERVICES; and AAA RESTAURANT FIRE CONTROL, INC. <br><br>     Counterdefendant. | Case No. CV 07 5912 WDB <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> **CMC Hearing Date**: APRIL 7, 2008 <br><br> **Time**: 4:00 p.m. <br><br> **Courtroom**: 4, Oakland <br><br> Hon. Wayne D. Brazil, Presiding |

Joint Case Management Conference Statement                                     Page 1

Defendants and counterclaimants Yerba Buena Engineering & Construction, Inc. ("Yerba Buena") and Travelers Casualty and Surety Company of America ("Travelers"), and plaintiff and counterdefendant AAA Restaurant Fire Control, Inc. submit this Joint Case Management Conference Statement pursuant to Local Rule 16-9.

1.   **Jurisdiction and Service**: This Court has subject matter jurisdiction in this matter pursuant to Section 3133 of Title 40 and Section 1367 of Title 28 of the United States Code.

2.   **Facts**: This matter arises from the construction of the public work of improvement commonly referred to as the Alcatraz Island Fire Improvement Project. Yerba Buena was the general contractor to the United States Park Services and subcontracted certain fire sprinkler work to AAA on the Project. Travelers Casualty and Surety Company of America provided the payment bond to the project. AAA contends that it completed its work on the project and that it is now owed the balance of its contract.

Yerba Buena contends that AAA did not perform its work on the Project in accordance with the plans and specifications of the Project, that AAA was given notice of its untimely and defective work, that AAA did not comply with the notice and was terminated from the Project pursuant to the subcontract. Yerba Buena further contends that as a result of AAA's breaches and negligence in not performing its contracted worked, Yerba Buena has been damaged in an amount according to proof at trial.

3.   **Legal Issues**: Legal issues to be resolved will include a determination of whether AAA has complied with all requirements to sustain its Miller Act Claim in this matter, an interpretation of the AAA subcontract, and whether AAA's work was performed in accordance with said subcontract, which incorporates the plans and specifications of the Project.

4.   **Motions**: An administrative motion as to whether cases should be considered related was filed on February 15, 2008. This Court ordered the matters related on February 21, 2008.

Defendants and Counter-claimants may file a Rule 56 motion for summary judgment once initial discovery has been conducted and the parties have exchanged documents.

5. **Amendment of Pleadings**: No amended pleadings are anticipated at this time.

6. **Evidence Preservation**: The parties agree that no documents related to this action or which may be sought through discovery in this action, will be tampered with or destroyed prior to the resolution of this matter.

7. **Disclosures**: The parties have conducted extensive meet and confer pertaining to disclosure of documents, witnesses (excepting expert witnesses), and other evidence which the parties intend to present at trial. The parties have agreed that the initial exchange of documents and disclosure of witnesses will occur on or before April 21, 2008.

8. **Discovery**: No discovery has been conducted to date. The parties believe that once the initial exchange of documents and disclosure of witnesses occurs, the parties will conduct written discovery and take the depositions of the project managers and key superintendents on the project, along with those witnesses from the owner of the Project, United States Park Services. Expert depositions will also be taken within 45 days of trial.

9. **Class Action**: This matter does not involve a class action suit.

10. **Related Cases**: Other than the administrative motion relating cases, referenced in paragraph 4 above, the parties are not aware of any other matters related to this action.

11. **Relief**: Plaintiff's complaint seek an alleged unpaid contract balance in the amount of $142,810.86 on its claim for breach of contract and recovery on the payment bond. Plaintiff also seeks damages in excess of $35,000 which it alleges was sustained to the work or materials of plaintiff as a result of defendants' negligence.

Counterclaimants seek damages for breach of contract and negligence for counterdefendant's failure to perform its work on the Project in accordance with the plans and

specifications of the Project and in a manner free from negligence and which would not harm counterclaimants. Counterclaimants seek damages according to proof at trial.

12.   **Settlement and ADR**:  The parties have met and conferred regarding ADR. The parties have agreed to private mediation and have chosen mediator Michael Timpane. Mr. Timpane's office has been contacted and the parties anticipate a mediation date in the second week of July 2008. This will allow the parties time to exchange documents and conduct initial written discovery in order to participate in good faith at the mediation.

13.   **Consent to Magistrate Judge for all Purposes**: The parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.   **Other References**: At this time, the parties do not believe that this matter is suitable for reference to binding arbitration, a special master, or Judicial Panel of Multidistrict Litigation.

15.   **Narrowing of Issues**:  The parties have agreed to informally cooperate to determine whether any issues may be narrowed by stipulation to expedite the presentation of evidence at trial. Specific issues will remain undetermined until initial discovery is conducted.

16.   **Expedite Schedule**:  The parties do not believe that this matter can be litigated on an expedited basis. The parties anticipate discovery will include the depositions of several party witnesses as well as depositions of non-party witnesses, agents and employees of the owner. Expert discovery is also anticipated.

17.   **Scheduling**: The parties have met and conferred regarding scheduling in this matter. A private mediation hearing will be conducted in the second week of July 2008 to allow for proper time for the parties to exchange documents and conduct preliminary discovery. If this matter does not resolve at mediation, the parties believe that this matter can be ready for trial on November 3, 2008, discovery to close thirty days before trial. Expert Disclosures on August 15, 2008.

**Joint Case Management Conference Statement**                                           Page 4

However, trial counsel for Defendants and counterclaimants Yerba Buena and Travelers Casualty is currently set for a three month trial to begin September 22, 2008, and cannot therefore stipulate to a November 3, 2008 trial date. In that matter, there is a mediation scheduled for April 11, 2008, during which counsel anticipates that the case will settle. The parties therefore request that this Court set a case management conference for Monday, May 12, 2008, at 4:00 p.m. in order for the parties to advise the Court whether that case has settled and to request the Court set a trial date at that time.

18. **Trial**: The parties will request a jury trial.

19: **Disclosure of Non-party Interested Entities or Persons**: The parties are not aware of any non-party interested entities or persons.

DATED: March 25, 2008          McINERNEY & DILLON, P.C.

By_____/S/_____
Neil H. Bui
Attorneys for Defendants and Counterclaimant
Yerba Buena Engineering & Construction, Inc.,
and Travelers Casualty and Surety Company of
America

DATED: March 25, 2008

By_____/S/_____
Lawrence E. Smith
Attorneys for Plaintiff United States of America
for use of AAA Restaurant Fire Protection
Services, Inc.

PROOF OF SERVICE

I declare that I am employed in the County of Alameda, California. I am over the age of 18 years and not a party to the within action; my business address is McInerney & Dillon, P.C., 1999 Harrison Street, Suite 1700, Oakland, California 94612-4700.

On March 26, 2008, I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

By placing true and correct copies thereof:

__X__  By Electronic Mail. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons, through [LexisNexis Corporation/the Court's ECF-PACER webpage/or other internet service provider], in which counsel below are registered to receive e-mail at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**ADDRESSEES**

Lawrence E. Smith
Centerpoint Building
18 Crow Canyon Court, Ste. 205
San Ramon, California 94583

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 26, 2008

_____
Ollye L. Robinson